MANDATE

CONN/DRCT
02-CR-176
Underhill

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 24th day of August Two thousand four.

PRESENT:
    JOSÉ A. CABRANES
    CHESTER J. STRAUB
    RICHARD C. WESLEY
        *Circuit Judges*

-------------------------------------x

UNITED STATES OF AMERICA,

    *Appellee*,

-v.-                              No. 03-1660

RONNIE JAMES,

    *Defendant-Appellant*,

-------------------------------------x

| | |
|---|---|
| APPEARING FOR APPELLANT: | ROBERT J. SULLIVAN, JR., Westport, CT |
| APPEARING FOR APPELLEE: | JAMES FINNERTY, Assistant United States Attorney (William J. Nardini, Assistant United States Attorney, *of counsel*), Kevin J. O'Connor, United States Attorney, *on the brief*, United States Attorney's Office for the District of Connecticut, Bridgeport, CT |

1

— ISSUED AS MANDATE: 5-3-05 —

Case 3:02-cr-00176-SRU   Document 83   Filed 05/12/2005   Page 2 of 6

Appeal from a judgment by the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is hereby **AFFIRMED**.

Defendant Ronnie James, who pleaded guilty to charges of possession with intent to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base, appeals only with regard to the sentence imposed by the District Court. His sole claim on appeal is that he is entitled to a downward departure pursuant to United States Sentencing Guidelines § 5K1.1, notwithstanding the absence of a Government motion for such a departure.

Having reviewed the record and considered the arguments of the parties, we conclude that, in the circumstances presented here, there was no error in the decision of the District Court to deny defendant's application for a U.S.S.G. § 5K1.1 downward departure. A district court's review of a Government's decision to not file a U.S.S.G. § 5K1.1 motion is necessarily limited to questions of constitutionality and bad faith, *see Wade v. United States*, 504 U.S. 181 (1992), neither of which is present in the instant case.

Accordingly, the judgment of the District Court is hereby **AFFIRMED**.

2

FOR THE COURT,

Roseann B. MacKechnie, Clerk of Court

By *Lucille Carr*

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____
DEPUTY CLERK

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 3rd day of May two thousand and five.

PRESENT:

    JOSÉ A. CABRANES
    CHESTER J. STRAUB
    RICHARD C. WESLEY
               Circuit Judges.

-----------------------------------------------x

UNITED STATES OF AMERICA,

        Appellee,

v.                                                                  No.   03-1660

RONNIE JAMES, also known as Black,

        Defendant-Appellant.
-----------------------------------------------x

In light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), and this Court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), this case is remanded so that the District Court may consider whether to re-sentence defendant, in conformity with the currently applicable statutory requirements explicated in the *Crosby* opinion. Upon reaching its decision, the District Court should either place on the record a decision not to resentence, with an appropriate explanation, or vacate the sentence and, with defendant present, resentence in conformity with the Sentencing Reform Act, Pub.L. 98- 473, Title II, §§ 211-238, 98 Stat.1987 (1984), *Booker*, and *Crosby*.

The disposition in the opinion or order previously issued in connection with this appeal is

1

CERTIFIED: 5-3-05

hereby made part of this order and is fully effective, except to the extent that it is inconsistent with the present remand in conformity with *Crosby*.

Any appeal taken from the District Court following this remand and re-sentencing, if it occurs, can be initiated only by filing a new notice of appeal. *See* Fed. R. App. P. 3, 4(b).

A party will not waive or forfeit any appropriate argument on remand or on any appeal post-remand by not filing a petition for rehearing of this remand order. The mandate shall issue forthwith.

FOR THE COURT,

Roseann B. MacKechnie, Clerk of Court

By *[signature: Lucille Carr]*

A TRUE COPY
Roseann B. MacKechnie, CLERK
by *[signature]*
Deputy Clerk

2

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 3rd day of May two thousand and five.

PRESENT:

    JOSÉ A. CABRANES
    CHESTER J. STRAUB
    RICHARD C. WESLEY
              *Circuit Judges.*

-------------------------------------------------x

UNITED STATES OF AMERICA,

    *Appellee,*

v.                                                          No.    03-1660

RONNIE JAMES, also known as Black,

    *Defendant-Appellant.*

-------------------------------------------------x

In light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), and this Court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), this case is remanded so that the District Court may consider whether to re-sentence defendant, in conformity with the currently applicable statutory requirements explicated in the *Crosby* opinion. Upon reaching its decision, the District Court should either place on the record a decision not to resentence, with an appropriate explanation, or vacate the sentence and, with defendant present, resentence in conformity with the Sentencing Reform Act, Pub.L. 98-473, Title II, §§ 211-238, 98 Stat.1987 (1984), *Booker*, and *Crosby*.

The disposition in the opinion or order previously issued in connection with this appeal is

1