UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>RONNIE JAMES | 3:02cr176 (SRU) |

### RULING AND ORDER REGARDING REQUEST FOR RESENTENCING

Ronnie James pled guilty to a charge of possession with intent to distribute five grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On September 29, 2003, I sentenced James principally to 120 months' imprisonment. The term of imprisonment was set at the mandatory minimum term of imprisonment for the crime. James appealed, principally arguing that I erred in not giving James the benefit of a motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) even though no such motion was filed by the government. On August 24, 2004, the United States Court of Appeals for the Second Circuit affirmed the judgment by summary order, but withheld the mandate pending decision by the United States Supreme Court of *United States v. Booker*, 543 U.S. 220 (2005). On May 3, 2005, the Second Circuit issued its mandate affirming the judgment but remanding the case for proceedings consistent with *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).

Following remand, I reviewed the parties' briefing, the Presentence Report, and the transcript of the sentencing hearing on September 29, 2003. Based upon that review, I have decided that I would not have sentenced James to a different sentence had the Sentencing Guidelines been advisory at the time of his initial sentencing.

My decision is based upon the fact that James received the mandatory minimum sentence

called for by the statute and based upon his stipulation in the plea agreement that he "knowingly and intentionally possessed with the intent to distribute approximately 5.4 grams (net) of crack cocaine." Plea Agreement at 8. The fact that the Sentencing Guidelines are now advisory does not affect the applicability of the statutory mandatory minimum sentence in this case. *See United States v. Sharpley*, 399 F.3d 123, 127 (2d Cir. 2005) ("The guideline sentence was set to 180 months in accordance with this statutory mandatory minimum. U.S.S.G. § 5G1.1(b). Thus, any reduction in the calculated Guidelines range could not reduce Sharpley's actual sentence.").

On remand, James raises several issues. First, he requests leave to withdraw his guilty plea and proceed to trial. Second, he requests that he be sentenced without regard to the mandatory minimum sentence either because a government motion is not necessary or based upon a requested jury determination that a substantial assistance motion should be filed. Finally, he seeks a declaration that a mandatory minimum sentence that exceeds the Sentencing Guidelines range is unconstitutional.

Each of James' arguments fails. He is not entitled to withdraw his guilty plea because sentence has been imposed and not vacated. *See* Fed. R. Crim. P. 11(e). The Court of Appeals has affirmed the denial of a downward departure pursuant to U.S.S.G. § 5K1.1, and the remand of this matter from the Court of Appeals was for the limited purpose of permitting me to determine whether or not to resentence James. Accordingly, the substantial assistance issues are not properly before me on remand. Finally, the mandatory minimum penalties for controlled substances offenses are not unconstitutional. *See United States v. Pineda*, 847 F.2d 64, 65 (2d Cir. 1988) (*Per Curiam*).

The request for resentencing (doc. # 96) is denied.

It is so ordered.

Dated at Bridgeport, Connecticut this 22nd day of January 2008.

                                          /s/ Stefan R. Underhill
                                              Stefan R. Underhill
                                              United States District Judge